ADAM J. KAISER
E-mail: akaiser@winston.com
ADAM L. LOUNSBURY
E-mail: alounsbury@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone:   (212) 294-6700
Facsimile:   (212) 294-4700

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, AMERICAN HOME ASSURANCE COMPANY, and ILLINOIS NATIONAL INSURANCE COMPANY,

   Plaintiffs,

 v.

PEOPLEASE CORPORATION, INC. and PLC SERVICES, INC.,

   Defendants.

-----------------------------------------------------------------x

PEOPLEASE CORPORATION, INC. AND PLC SERVICES, INC.

   Third-Party Plaintiffs

 v.

CHARTIS CLAIMS, INC. (f/k/a AIG CLAIM SERVICES, INC.)

   Third-Party Defendant

-----------------------------------------------------------------x

Case No.: 12-cv-01984-RWS

**ANSWER TO COUNTERCLAIMS**

Plaintiffs The Insurance Company of the State of Pennsylvania ("ICP"), American Home Assurance Company ("AHAC"), and Illinois National Insurance Company ("INIC") (collectively, the "Insurers"), for their answer to Defendant PeopLease Corporation, Inc. and PLC Services, Inc.'s (collectively, "PeopLease") counterclaims, state the following:

## NATURE OF THE ACTION

56. Deny the allegations in Paragraph 56, except to admit that PeopLease owes Insurers unpaid premiums in connection with the insurance policies described in the Complaint.

## PARTIES

57. Admit the allegations in Paragraph 57.

58. Admit the allegations in Paragraph 58.

59. Admit the allegations in Paragraph 59.

60. Admit the allegations in Paragraph 60.

61. Admit the allegations in Paragraph 61.

## JURISDICTION AND VENUE

62. Admit the allegations in Paragraph 62.

63. Admit the allegations in Paragraph 63.

## FACTS APPLICABLE TO THE COUNTERCLAIMS

### The Insurance Policies[1]

64. Deny the allegations in Paragraph 64 except to admit that ICP issued to PeopLease workers' compensation policies covering losses incurred during the period December 1, 2005 to December 1, 2006.

---

[1] Insurers deny any allegations or characterizations stated or implied by Defendant-counterclaimants' section headings or descriptions.

65. Deny the allegations in Paragraph 65 except to admit that the 2005 Policies had a per occurrence limit of $1 million.

66. Deny the allegations in Paragraph 66, except to admit that PeopLease agreed to pay at least $12,000,000 to Insurers in order to secure the premiums, deductibles advanced by the Insurers, and future liabilities arising from projected loses and claim reserves.

67. Deny the allegations in Paragraph 67.

68. Deny the allegations in Paragraph 68.

69. Admit the allegations in Paragraph 69.

70. Deny the allegations in Paragraph 70.

71. Deny the allegations in Paragraph 71, except to admit that AHAC and INIC issued to PeopLease workers' compensation policies covering losses incurred during the period December 1, 2006 to December 1, 2007.

72. Deny the allegations in Paragraph 72, except to admit that the 2005 Policies had a per occurrence limit of $1 million and that PeopLease was required to remit collateral to secure the premiums, deductibles advanced by the Insurers, and future liabilities arising from projected loses and claim reserves.

73. Deny the allegations in Paragraph 73.

74. Deny the allegations in Paragraph 74.

### AIG's Failure to Properly Calculate Premiums Due Under the Policies

75. Deny the allegations in Paragraph 75, except to admit that the policies at issue in the complaint are governed in large part by a Large Risk Rating Plan Endorsement to the Policies which sets forth how policy premiums are calculated.

76. Deny the allegations in Paragraph 76.

77. Admit the allegations in Paragraph 77.

78.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of the allegations in Paragraph 78, and state that the allegations in Paragraph 78 characterize a document, which speaks for itself.

79.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of the allegations in Paragraph 79.

80.     Deny the allegations in Paragraph 80, except to admit that Insurers received a letter dated November 7, 2007, from James J. Crotti, CPCU, Senior Vice President of Willis asking that the Florida policy be "covered under the same Large Loss Rating Plan as all other states."

81.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of the allegations in Paragraph 81.

82.     Deny the allegations in Paragraph 82, except to admit that Insurers received a letter dated November 7, 2007, from James J. Crotti, CPCU, Senior Vice President of Willis stating that "payroll should be revised to reflect a $52 per diem credit allowance . . . ."

83.     Deny the allegations in Paragraph 83 except to admit that, according to the Program Adjustment, PeopLease owes Insurers approximately $15,019,454.

84.     Deny the allegations in Paragraph 84.

### AIG's Failure to Adjust Claims With Reasonable Care

85.     Deny the allegations in Paragraph 85.

86.     Deny the allegations in Paragraph 86, except to admit that AIG Claims Services, which is now known as Chartis Claims, Inc., is a wholly owned subsidiary of Chartis, Inc., and is the claims administrator for the PeopLease Policies.

87.     Deny the allegations in Paragraph 87, and state the allegations in Paragraph 87 set forth conclusions of law to which no response is required.

88. Deny the allegations in Paragraph 88, and state the allegations in Paragraph 88 set forth conclusions of law to which no response is required.

89. Deny knowledge or information sufficient to form a belief about the truth or accuracy of the allegations in Paragraph 89.

90. Deny the allegations in Paragraph 90.

91. Deny the allegations in Paragraph 91.

92. Deny the allegations in Paragraph 92.

### AIG's Improper Collateral Increase

93. Deny the allegations in Paragraph 93.

94. Deny the allegations in Paragraph 94.

95. Deny the allegations in Paragraph 95.

96. Deny the allegations in Paragraph 96.

97. Deny the allegations in Paragraph 97.

### FIRST CAUSE OF ACTION
### (Negligence)

98. In response to Paragraph 98, Plaintiffs hereby incorporate their responses to the allegations set forth in Paragraphs 56 through 97 as if set forth fully herein.

99. Deny the allegations in Paragraph 99, and state the allegations in Paragraph 99 set forth conclusions of law to which no response is required.

100. Deny the allegations in Paragraph 100.

101. Deny the allegations in Paragraph 101.

102. Deny the allegations in Paragraph 102.

103. Deny the allegations in Paragraph 103.

## SECOND CAUSE OF ACTION
### (Breach of the Insurance Policies)

104. In response to Paragraph 104, Plaintiffs hereby incorporate their responses to the allegations set forth in Paragraphs 56 through 103 as if set forth fully herein.

105. Deny the allegations in Paragraph 105 except to admit that under the Policies, the premium charged to PeopLease was, and is, in large part, subject to reassessment, based on an agreed formula that is set forth in the Large Risk Rating Plan Endorsement.

106. Deny the allegations in Paragraph 106.

107. Deny the allegations in Paragraph 107 except to admit that Insurers agreed to administer and adjust claims made against the Policies.

108. Deny the allegations in Paragraph 108.

109. Deny the allegations in Paragraph 109.

110. Deny the allegations in Paragraph 110.

## THIRD CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

111. In response to Paragraph 111, Plaintiffs hereby incorporate their responses to the allegations set forth in Paragraphs 56 through 110 as if set forth fully herein.

112. Admit the allegations in Paragraph 112.

113. Deny the allegations in Paragraph 113 except to admit that PeopLease and Insurers agreed on the method for calculating collateral, premiums and other amounts for which PeopLease was responsible for paying to Insurers.

114. Deny the allegations in Paragraph 114.

115. Deny the allegations in Paragraph 115 and state the allegations in Paragraph 115 set forth conclusions of law to which no response is required.

116. Deny the allegations in Paragraph 116 except to admit that Insurers agreed to administer and adjust claims made against the Policies.

117. Deny the allegations in Paragraph 117.

118. Deny the allegations in Paragraph 118.

119. Deny the allegations in Paragraph 119.

120. Deny the allegations in Paragraph 120.

## FOURTH CAUSE OF ACTION
### (For an Accounting)

121. In response to Paragraph 121, Plaintiffs hereby incorporate their responses to the allegations set forth in Paragraphs 56 through 120 as if set forth fully herein.

122. Deny the allegations in Paragraph 122 except to admit that, according to the Policies, Insurers agreed to pay in the first instance the full amount of an allowed claim, including the deductible, and agreed that Insurers would reimburse themselves for advances within the deductible out of the loss provision portion of the premium charged for the policy.

123. Deny the allegations in Paragraph 123 except to admit that PeopLease and Insurers agreed on the method for calculating collateral, premiums and other amounts, which PeopLease was responsible for paying to Insurers.

124. Deny the allegations in Paragraph 124 except to admit that PeopLease remitted $12,000,000 as security for the payment of premiums and losses incurred under the 2005 Policies.

125. Deny the allegations in Paragraph 125.

126. Deny the allegations in Paragraph 124 except to admit that Insurers have not applied any accrued interest from the 2006 Policies to the amounts PeopLease owes Insurers.

127. Deny the allegations in Paragraph 127.

128. Deny the allegations in Paragraph 128.

129. Deny the allegations in Paragraph 129.

130. Deny the allegations in Paragraph 130.

131. Deny the allegations in Paragraph 131.

132. Deny the allegations in Paragraph 132.

## AFFIRMATIVE DEFENSES

For their separate affirmative defenses to the Counterclaims, Insurers state as follows:[2]

### First Affirmative Defense

The Counterclaims are barred, in whole or in part, because Defendant-counterclaimants have not sustained any injury or damage by reason of any act or omission of Insurers.

### Second Affirmative Defense

The Counterclaims are barred, in whole or in part, by the doctrines of bad faith, unclean hands, offset and/or setoff.

### Third Affirmative Defense

The Counterclaims fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

The Counterclaims are barred, in whole or in part, by the doctrines of waiver, estoppel and laches.

---

[2] Unless expressly limited therein the following affirmative defenses relate to all counterclaims alleged. Insurers reserve their right to raise any and all other defenses at any time or as they become known through discovery or investigation in this action.

**Fifth Affirmative Defense**

The Counterclaims are barred, in whole or in part, by applicable statutes of limitations.

WHEREFORE, Plantiff-Counterclaim Defendants respectfully request that this Court dismiss the Counterclaims with prejudice and award them attorneys' fees and costs, and such other and further relief as may be proper and just.

Dated:  June 29, 2012                                  Respectfully submitted,

                                                       WINSTON & STRAWN LLP


                                                       By:  /s/ Adam J. Kaiser
                                                            Adam J. Kaiser
                                                            Adam L. Lounsbury

                                                       200 Park Avenue
                                                       New York, NY 10166-4193
                                                       Telephone:    (212) 294-6700
                                                       Facsimile:    (212) 294-4700

                                                       E-mail: akaiser@winston.com
                                                       E-mail: alounsbury@winston.com

                                                       *Attorneys for Plaintiffs*