ADAM J. KAISER
E-mail: akaiser@winston.com
ADAM L. LOUNSBURY
E-mail: alounsbury@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166-4193
Telephone:     (212) 294-6700
Facsimile:      (212) 294-4700

*Attorneys for Third-Party Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                      :
THE INSURANCE COMPANY OF THE STATE            :
OF PENNSYLVANIA, AMERICAN HOME                  :   Case No.: 12-cv-01984-RWS
ASSURANCE COMPANY, and ILLINOIS                  :
NATIONAL INSURANCE COMPANY,                       :
                                                                      :
                    Plaintiffs,                                 :
                                                                      :
            v.                                                    :
                                                                      :
PEOPLEASE CORPORATION, INC. and PLC            :
SERVICES, INC.,                                             :
                                                                      :
                    Defendants.                               :
-----------------------------------------------------------------x
                                                                      :   **ANSWER TO THIRD-PARTY**
PEOPLEASE CORPORATION, INC. AND PLC           :   **COMPLAINT**
SERVICES, INC.                                              :
                                                                      :
                    Third-Party Plaintiffs                :
                                                                      :
            v.                                                    :
                                                                      :
CHARTIS CLAIMS, INC. (f/k/a AIG CLAIM          :
SERVICES, INC.)                                            :
                                                                      :
                    Third-Party Defendant              :
                                                                      :
-----------------------------------------------------------------x

Third-Party Defendant  Chartis Claims, Inc. ( "Chartis Claims"), for their answer to Third-Party Plaintiff PeopLease Corporation, Inc. and PLC Services, Inc.'s (collectively, "PeopLease") Third-Party Complaint, state the following:

## NATURE OF THE ACTION

1.      Deny the allegations in Paragraph 1.

2.      Deny the allegations in Paragraph 2.

## PARTIES

3.      Admit the allegations in Paragraph 3.

4.      Admit the allegations in Paragraph 4.

5.      Deny the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6.      Deny the allegations in Paragraph 6, and state the allegations in Paragraph 6 set forth conclusions of law to which no response is required.

7.      Deny the allegations in Paragraph 7, and state the allegations in Paragraph 7 set forth conclusions of law to which no response is required.

## FACTUAL BACKGROUND
### The Insurance Policies[1]

8.      Deny knowledge or information sufficient to form a belief about the truth or accuracy of  Paragraph 8, except to admit that ICP issued to PeopLease workers' compensation policies covering losses incurred during the period December 1, 2005 to December 1, 2006.

9.      Deny knowledge or information sufficient to form a belief about the truth or accuracy of  Paragraph 9 except to admit that the 2005 Policies had a per occurrence limit of $1 million.

---

[1] Insurers deny any allegations or characterizations stated or implied by Third Party Plaintiffs' section headings or descriptions.

10.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 10.

11.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 11, except to admit that AHAC and INIC issued to PeopLease workers' compensation policies covering losses incurred during the period December 1, 2006 to December 1, 2007.

12.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 12, except to admit that the 2005 Policies had a per occurrence limit of $1 million.

13.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 13.

14.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 14.

**AIG's Failure to Properly Calculate Premiums Due Under the Policies**

15.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 15.

16.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 16.

17.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 17.

18.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 18.

19.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 19.

20.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 20.

21.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 21.

22.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 22.

23.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 23.

24.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 24.

**AIGCS' Failure to Adjust Claims With Reasonable Care**

25.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 25.

26.     Deny the allegations in Paragraph 26, except to admit that Chartis Claims administers claims made against certain workers' compensation policies issued to PeopLease.

27.     Deny the allegations in Paragraph 27, and state the allegations in Paragraph 27 set forth conclusions of law to which no response is required.

28.     Deny the allegations in Paragraph 28.

29.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 29.

30.     Deny knowledge or information sufficient to form a belief about the truth or accuracy of Paragraph 30.

31.     Deny the allegations in Paragraph 31, and state that the allegations in Paragraph 31 set forth conclusions of law to which no response is required.

32.     Deny the allegations in Paragraph 32.

33.     Deny the allegations in Paragraph 33.

34.     Deny the allegations in Paragraph 34.

35.     Deny the allegations in Paragraph 35.

36.     Deny the allegations in Paragraph 36.

## FIRST CAUSE OF ACTION
### Negligence

37.     In response to Paragraph 37, Chartis Claims hereby incorporates its responses to the allegations set forth in Paragraphs 1 through 36 as if set forth fully herein.

38.     Deny the allegations in Paragraph 38, and state the allegations in Paragraph 38 set forth conclusions of law to which no response is required.

39.     Deny the allegations in Paragraph 39, and state the allegations in Paragraph 39 set forth conclusions of law to which no response is required.

40.     Deny the allegations in Paragraph 40.

41.     Deny the allegations in Paragraph 41, and state the allegations in Paragraph 41 set forth conclusions of law to which no response is required.

## SECOND CAUSE OF ACTION
### Breach of the Insurance Policies

42.     In response to Paragraph 42, Plaintiffs hereby incorporate their responses to the allegations set forth in Paragraphs 1 through 41 as if set forth fully herein.

43.     Deny the allegations in Paragraph 43.

44.     Deny the allegations in Paragraph 44.

45.     Deny the allegations  in   Paragraph 45.

46.    Deny the allegations in Paragraph 46.

**THIRD CAUSE OF ACTION**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**

47.    In response to Paragraph 47, Plaintiffs hereby incorporate their responses to the allegations set forth in Paragraphs 1 through 46 as if set forth fully herein.

48.    Deny the allegations in Paragraph 48.

49.    Deny the allegations in Paragraph 49.

50.    Deny the allegations in Paragraph 50.

51.    Deny the allegations in Paragraph 51 and state the allegations in Paragraph 51 set forth conclusions of law to which no response is required.

52.    Deny the allegations in Paragraph 52.

53.    Deny the allegations in Paragraph 53.

**FOURTH CAUSE OF ACTION**
**Breach of Fiduciary Duty**

54.    In response to Paragraph 54, Plaintiffs hereby incorporate their responses to the allegations set forth in Paragraphs 1 through 53 as if set forth fully herein.

55.    Deny the allegations in Paragraph 55.

56.    Deny the allegations in Paragraph 56.

57.    Deny the allegations in Paragraph 57.

58.    Deny the allegations in Paragraph 58.

59.    Deny the allegations in Paragraph 59.

60.    Deny the allegations in Paragraph 60.

61.    Deny the allegations in Paragraph 61 and its subparagraphs (a) through (e).

62.    Deny the allegations in Paragraph 62, and state that the allegations in Paragraph 62 set forth conclusions of law to which no response is required.

63.     Deny the allegations in Paragraph 63.

## AFFIRMATIVE DEFENSES

For its separate affirmative defenses to the Causes of Action set forth in the Third-Party Complaint, Chartis Claims states as follows:[2]

### First Affirmative Defense

The Causes of Action are barred, in whole or in part, because Third-Party Plaintiffs have not sustained any injury or damage by reason of any act or omission of Chartis Claims.

### Second Affirmative Defense

The Causes of Action are barred, in whole or in part, by the doctrines of bad faith, unclean hands, offset and/or setoff.

### Third Affirmative Defense

The Third-Party Complaint fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

The Causes of Action are barred, in whole or in part, by the doctrines of waiver, estoppel and laches.

### Fifth Affirmative Defense

The Causes of Action are barred, in whole or in part, by the applicable statutes of limitations.

---

[2] Unless expressly limited therein the following affirmative defenses relate to all claims alleged in the Third-Party Complaint.  Chartis Claims reserve's its right to raise any and all other defenses at any time or as they become known through discovery or investigation in this action.

WHEREFORE, the Third-Party Defendant respectfully demands that this Court dismiss with prejudice the Third-Party Complaint and award it attorneys' fees and costs, and any further or other relief that may be proper and just.

Dated:  June 29, 2012                Respectfully submitted,

WINSTON & STRAWN LLP


By:  /s/ Adam J. Kaiser
      Adam J. Kaiser
      Adam L. Lounsbury

200 Park Avenue
New York, NY 10166-4193
Telephone:     (212) 294-6700
Facsimile:      (212) 294-4700

E-mail: akaiser@winston.com
E-mail: alounsbury@winston.com

*Attorneys for Third-Party Defendant*

8